257 F.2d 210
 AIRBORNE FREIGHT CORPORATION (a California corporation), Petitioner,
v.
CIVIL AERONAUTICS BOARD, Respondent,
American Airlines, Inc., Shulman, Inc., Acme Air Cargo, Inc., United Air Lines, Inc., Trans World Airlines, Inc., Intervenors.
 No. 13882.
 United States Court of Appeals District of Columbia Circuit.
 Decided June 12, 1958.
 
 Mr. Louis P. Haffer, Washington, D. C., for petitioner and intervenor Acme Air Cargo, Inc.
 Mr. Morris Chertkov, Atty., Civil Aeronautics Board, with whom Messrs. Franklin M. Stone, Gen. Counsel, Civil Aeronautics Board, John H. Wanner, Associate Gen. Counsel, Civil Aeronautics Board, O. D. Ozment, Asst. Gen. Counsel, Litigation and Research, Civil Aeronautics Board, William J. Dixon, Atty., Civil Aeronautics Board, and Daniel M. Friedman, Atty., Dept. of Justice, were on the brief, for respondent.
 
 
 1
 Mr. Peter S. Craig, Washington, D. C., with whom Mr. Howard C. Westwood, Washington, D. C., was on the brief, for intervenor American Airlines, Inc.
 
 
 2
 Mr. John A. Kendrick, Washington, D. C., for intervenor Shulman, Inc.
 
 
 3
 Mr. William O. Turney, Washington, D. C., was on the brief for intervenor Acme Air Cargo, Inc.
 
 
 4
 Mr. James Francis Reilly, Washington, D. C., entered an appearance for intervenor United Air Lines, Inc.
 
 
 5
 Mr. William Caverly, Washington, D. C., entered an appearance for intervenor Trans World Airlines, Inc.
 
 
 6
 Messrs. Russell S. Bernhard, John E. Stephen and George S. Lapham, Jr., Washington, D. C., filed a brief on behalf of Air Transport Ass'n of America as amicus curiae urging affirmance.
 
 
 7
 On Petition for Rehearing.
 
 
 8
 Before EDGERTON, Chief Judge, and PRETTYMAN and BASTIAN, Circuit Judges.
 
 
 9
 EDGERTON, Chief Judge.
 
 
 10
 On March 18, 1957, after a rule-making proceeding in which it had previously reached different conclusions, the Civil Aeronautics Board decided that § 404(a) of the Civil Aeronautics Act, 52 Stat. 993, 49 U.S.C.A. § 484(a), does not contemplate establishment of "joint rates" by airlines and freight forwarders; that § 412, 52 Stat. 1004, 49 U.S.C.A. § 492, does not authorize the Board to approve agreements between air freight forwarders and airlines fixing rates for air transportation which would otherwise violate the rate-making provisions of the Act; but that special reduced rates for air freight forwarders are not necessarily unlawful and a regulation prohibiting the filing of such rates by airlines would be premature. Airborne Freight Corporation asks us to review and set aside this decision of the Board.
 
 
 11
 Airborne assembles and ships air freight. Such shippers are called "air freight forwarders" and sometimes described as "indirect air carriers". Airborne contends it is an "air carrier" within the meaning of § 404(a) of the Act which provides that every "air carrier" shall provide through service "in connection with other air carriers" and shall establish "joint rates"; and § 412 which provides that any "agreement" of an "air carrier" with "any other air carrier" shall be filed with the Board. Airborne says it may therefore make, and file with the Board, agreements with airlines by which it will pay lower rates for air transportation than the rates specified in the currently effective tariffs of the airlines.
 
 
 12
 In the light of United States v. Storer Broadcasting Co., 351 U.S. 192, 198, 76 S.Ct. 763, 100 L.Ed. 1081, we think Airborne has standing to sue. Accordingly our opinion of May 1, 1958 is withdrawn and our judgment dismissing the petition for review is vacated. We find no error in the Board's order.
 
 
 13
 Affirmed.